UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALISHA HAYES, individually and on behalf of all others similarly situated,<br><br>                             Plaintiff(s),<br><br><br><br>           -v.-<br><br>CREDIT COUNSEL, INC., and John Does 1-25<br><br>                             Defendant(s). | **Civil Action No:**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Alisha Hayes (hereinafter, "Plaintiff" or "Hayes"), a Georgia resident,

brings this Class Action Complaint by and through her attorneys, Mason Law Group,

P.C., against Defendant Credit Counsel, Inc. (hereinafter "Defendant" or "Credit

Counsel"), individually and on behalf of a class of all others similarly situated,

pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information

and belief of Plaintiff's counsel, except for allegations specifically pertaining to

Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.     Congress enacted the FDCPA in 1977 in response to the "abundant

evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of Georgia consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.     Plaintiff is a resident of the State of Georgia, County of Cobb, residing at 2858 Lakemont Drive, Marietta, Georgia 30060.

8.     Defendant Credit Counsel, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 1400 NE Miami Gardens Drive, Ste 216, Miami, FL 33179.

9.     Upon information and belief, Defendant Credit Counsel, Inc. is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.    John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11.   Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12.   The Class consists of:

   a.  all individuals with addresses in the State of Georgia;

   b.  who were sent a letter from Defendant Credit Counsel, Inc. attempting to collect a consumer debt;

   c.  whose letter gives a final demand with a threat of a lawsuit, in which legal action was never intended to be taken;

   d.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13.   The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14.   Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and

their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.  There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e and 1692f.

16.  The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

17.  This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

  e.  **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

f.  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e and §1692f.

g.  **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

h.  **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

i.  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because

individual joinder of all members would be impracticable. Class

action treatment will permit a large number of similarly situated

persons to prosecute their common claims in a single forum

efficiently and without unnecessary duplication of effort and expense

that individual actions would engender.

18.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil

Procedure is also appropriate in that the questions of law and fact common to

members of the Plaintiff Classes predominate over any questions affecting an

individual member, and a class action is superior to other available methods for

the fair and efficient adjudication of the controversy.

19.  Depending on the outcome of further investigation and discovery,

Plaintiffs may, at the time of class certification motion, seek to certify a class(es)

only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.   Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully state herein with the same force and effect as if the

same were set forth at length herein.

21.  On information and belief, on a date better known to Defendant,

Defendant began collection activities on an alleged consumer debt from the

Plaintiff ("Alleged Debt").

22.   This debt was incurred as a personal medical obligation with the original creditor of Concentra Medical Centers Georgia which was incurred for personal purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

23.   On or around May 1, 2017,   Defendant sent a collection letter to Plaintiff. See Collection Letter attached hereto as **Exhibit A**.

24.   The letter states:

### NOTICE OF LEGAL CLAIM

This letter informs you that unless full payment is made directly to Credit Counsel Incorporated within ten (10) working days after the date of this letter, my client may choose to proceed with legal action against your or refer the account to an attorney in your jurisdiction for immediation action.

It is my client's intention to exercise any and all rights provided for enforcement of judgments.

Credit Counsel, Inc. shall proceed with such action immediately when directed to do so by our client.

25.   The letter is sent from and signed by a "corporate counsel attorney."

26.   This language is threatening, and coercive, and only used with the intent of scaring Plaintiff into making payment.

27.   Specifically, though, this language is false since one year later Defendant still has not brought legal action against Plaintiff for collection on this account.

28. This language would deceive the least sophisticated consumer into believing that shortly after ten (10) days passed a lawsuit would be filed, when Defendant never had any intention of filing a law suit.

29. As a result of Defendant's false, deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

30. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

31. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

32. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33. Defendants made false and misleading representations when they communicated to Plaintiff and threatened to take legal action when Defendant had no intention of doing so in violation of :

a)      15 U.S.C. §1692e as the letter makes false, deceptive and misleading representations and threats;

b)      15 U.S.C. §1692e(2) as Defendant is making false representations of the legal status of the debt by threatening to sue when it had no intention of doing so;

c)      15 U.S.C. §1692e(5) in threatening to take legal action that was never intended to be taken as Defendant made threats of immediate suit but, over a year later, had not brought suit; and

d)      15 U.S.C. §1692e(10) as Defendant's false threats of a lawsuit constitute false representations and deceptive means in an attempt to collect a debt.

34. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

35.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

36.   Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

37.   Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

38.   Defendant violated this section by threatening the Plaintiff with immediate legal action, when it had no intention to file suit.

39.   By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

40.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alisha Hayes, individually and on behalf of all others

similarly situated demands judgment from Defendant Credit Counsel, Inc., as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan B. Mason, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: April 26, 2018                                    Respectfully Submitted,

**MASON LAW GROUP, P.C.**

*/s/ Jonathan B. Mason*
Jonathan B. Mason, Esq.
GA Bar No. 475659
1100 Peachtree St NE, Ste 200
Atlanta, GA 30309
Phone: (404) 920-8040
Fax: (404) 920-8039
jmason@atlshowbizlaw.com
*Attorneys For Plaintiff*

## <u>Certificate of Compliance With Local Rule 7.1D</u>

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this

document has been prepared using Times New Roman 14-point font.


DATED, this 26th day of April, 2018          Respectfully Submitted,

*/s/ Jonathan B. Mason*
Jonathan B. Mason, Esq.
GA Bar No. 475659
**Mason Law Group, P.C.**
1100 Peachtree St., NE Ste 200
Atlanta, GA 30309
Phone:  404-920-8040
Fax 404-920-8039
jmason@atlshowbizlaw.com